IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| TROY STACY ENTERPRISES INC., individually and on behalf of all others similarly situated, | : : : | Case No. 1:20-cv-312 |
| | : | Judge Matthew W. McFarland |
| Plaintiff, | : : | |
| v. | : : | |
| THE CINCINNATI INSURANCE COMPANY, | : : : : | |
| Defendant. | : : | |
| _____ | : : | |
| SWEARINGEN SMILES LLC AND ELEISHA J. NICKOLES DDS, individually and on behalf of all others similarly situated, | : : : : : | Case No. 1:20-cv-517 |
| | : | Judge Matthew W. McFarland |
| Plaintiffs, | : : | |
| v. | : : | |
| THE CINCINNATI INSURANCE COMPANY, THE CINCINNATI CASUALTY COMPANY, AND THE CINCINNATI INDEMNITY COMPANY, | : : : : : | |
| Defendants. | : : | |

| | |
|---|---|
| REEDS JEWELERS OF NIAGARA FALLS, INC., individually and on behalf of all others similarly situated, | Case No. 1:20-cv-649 |
| | Judge Matthew W. McFarland |
| Plaintiff, | |
| v. | |
| CINCINNATI INSURANCE COMPANY, | |
| Defendant. | |
| BURNING BROTHERS BREWING LLC, CHICAGO MAGIC LOUNGE LLC, AND CDC CATERING, INC. T/A BROOKSIDE MANOR, individually and on behalf of all others similarly situated, | Case No. 1:20-cv-920 |
| | Judge Matthew W. McFarland |
| Plaintiffs, | |
| v. | |
| THE CINCINNATI INSURANCE COMPANY, | |
| Defendant. | |

## ORDER CONSOLIDATING CASES AND APPOINTING INTERIM CO-LEAD COUNSEL

These four cases appear before the Court on a motion to consolidate under Rule 42(a), Federal Rules of Civil Procedure, and two motions for appointment of interim co-lead class counsel under Rule 23(g). Each case raises claims related to insurance coverage for business interruption losses arising from the COVID-19 pandemic and the resulting closure orders. (*Troy Stacy* Action, Docs. 28, 29.) Plaintiff Troy Stacy Enterprises, Inc.,

seeks to consolidate these four cases and all plaintiffs have joined in that request. Troy Stacy and the plaintiff in one of the other cases, Reeds Jewelers of Niagara Falls, Inc., also request that the Court appoint interim co-lead class counsel that is comprised of four law firms. (*Troy Stacy* Action, Docs. 30, 31, 40.) All sides have had the opportunity to respond and the motions are ripe.

For the following reasons, the Court consolidates the four actions and appoints interim co-lead class counsel.

### I.     Consolidation

The four actions at issue are (1) *Troy Stacy Enterprises, Inc. v. The Cincinnati Insurance Company*, No. 1:20-cv-312 (S.D. Ohio April 19, 2020); (2) *Swearingen Smiles LLC, et al. v. The Cincinnati Insurance Company*, No. 1:20-cv-517 (S.D. Ohio July 2, 2020); (3) *Reeds Jewelers of Niagara Falls, Inc. v. Cincinnati Insurance Company*, No. 1:20-cv-649 (S.D. Ohio August 21, 2020); and (4) *Burning Brothers Brewing LLC, et al. v. Cincinnati Insurance Company*, No. 1:20-cv-920 (S.D. Ohio November 11, 2020) (collectively, "Related Actions"). The Defendants in the Related Actions are the Cincinnati Insurance Company, the Cincinnati Casualty Company, and the Cincinnati Indemnity Company (collectively, "Cincinnati Insurance"). The Related Actions are all before the undersigned district judge.

The plaintiffs in the Related Actions have insurance policies with Cincinnati Insurance. They experienced business losses due to the COVID-19 public health emergency. When they sought coverage for their losses, Cincinnati Insurance denied their claims. (*Troy Stacy* Action, Doc. 9 at ¶ 15; *Swearingen* Action, Doc. 8 at ¶ 4; *Reeds*

*Jewelers* Action, Doc. 1 at ¶ 80; *Burning Brothers* Action, Doc. 1 at ¶ 72.) They have brought claims for breach of contract and declaratory judgment in relation to those coverage denials.

Claims like these, and indeed some of the Related Actions themselves, were brought before the Judicial Panel on Multidistrict Litigation in April, after the pandemic had begun impacting commerce. The JPML declined to centralize the actions. *In re COVID-19 Bus. Interruption Prot. Ins. Litig.*, --- F. Supp.3d ---, No. MDL 2942, 2020 WL 4670700, at *2 (U.S. Jud. Pan. Mult. Lit. Aug. 12, 2020). It found, however, that centralizing cases brought against specific insurers might be warranted. So, it required certain insurers—including Cincinnati Insurance—to show cause as to why the insurer-specific actions should not be centralized. *Id.* at *3.

After hearing argument, the JPML declined to centralize the Cincinnati Insurance actions. *In re Cincinnati Ins. Co. COVID-19 Bus. Interruption Prot. Ins. Litig.*, --- F. Supp. 3d ----, No. MDL 2962, 2020 WL 5884791, at *1 (U.S. Jud. Pan. Mult. Lit. Oct. 2, 2020). It noted, however, that it was a "close question" because the relevant insurance policies appeared to use standard forms and common language, such as "direct loss to property." *Id.*

Shortly thereafter, Troy Stacy moved to consolidate its action with the *Swearingen Smiles, et al.*, and *Reeds Jewelers* actions (plus another action that has since been closed). (*Troy Stacy* Action, Doc. 28.) Plaintiffs Swearingen Smiles, Eleisha Nickoles, Plaintiff Reeds Jewelers, and the plaintiffs in a later filed action (Burning Brothers Brewing LLC, Chicago Magic Lounge LLC, and CDC Catering, Inc. T/A Brookside Manor) all joined in Troy Stacy's motion to consolidate.

4

Troy Stacy argues that consolidation is appropriate here because the Related Actions involve common questions of law and fact. It claims that all of the cases turn on whether Cincinnati Insurance is obligated to provide coverage for business interruption losses arising from the COVID-19 pandemic and the resulting closure orders. All the cases involve substantially the same policy forms and provisions. The complaints contain many of the same factual allegations and claims for relief. Plus, all of the cases are in similar procedural postures, so consolidation will conserve resources going forward.

Cincinnati Insurance disagrees. It admits there are common issues, but contends that the risks of prejudice and possible confusion outweigh the risks of inconsistent adjudications of common issues. The insurance provider argues that plaintiffs make no attempt to balance those competing risks. It also points out the individual issues in these actions, including the facts that the plaintiffs work in different types of business, were subject to different government orders, and are governed by different state laws.

Rule 42(a) provides that if actions before a court "involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a). The questions of law and fact need not be identical. *Guild Assocs., Inc. v. Bio-Energy (Washington), LLC*, 309 F.R.D. 436, 440 (S.D. Ohio 2015). Rather, Rule 42 is permissive—if the actions raise a common question, the court has discretion to consolidate them. *Webb v. Just In Time, Inc.*, 769 F. Supp. 993, 994 (E.D. Mich. 1991). If common questions of law or fact exist, the court balances the risks of prejudice and possible confusion against the risks of inconsistent adjudication of common issues, the burden on the parties, witnesses, and available judicial resources, and the time and expense of litigating multiple suits instead of one.

5

*Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993).

The bases for consolidation here are manifold. First, the Related Actions clearly share common questions of law and fact. They allege the same types of business losses caused by the same pandemic and public responses to it. Their claims concern coverage provisions based on similar or identical policy forms. The actions have overlapping core facts, putative classes, and claims for relief. They are all at the pre-discovery stage. They anticipate similar discovery. And they are against the same insurer. In light of these similarities, there is no doubt the Related Actions hinge on issues they have in common. *See* Fed. R. Civ. P. 42(a); S.D. Ohio Civ. R. 3.1(b).

Second, balancing of the competing risks tilts in favor of consolidation. The risks of prejudice and possible confusion, to the extent they exist at all, do not outweigh the value of alleviating the pretrial burden and time and expense of litigating one case instead of multiple. Cincinnati Insurance argues that consolidation would do nothing to ease the burden on the parties or the Court. The Court sees it differently. Consolidation will ease the burden on the parties during the motions phase and discovery through the pooling of resources. Consolidated motions practice and ruling on consolidated case-dispositive motions will also be far less burdensome on the Court than if those proceedings were multiplied in four substantially similar cases. The alternative—permitting these actions to continue separately—would result in needlessly substantial burdens on everyone. So far, three of the Related Actions have proceeded along the same lines: plaintiffs have filed complaints and defendants have moved to dismiss them. (The responsive pleading deadline in the more recent *Burning Brothers* action has not passed yet.) Cincinnati

Insurance has given the Court no reason to think its pretrial strategy would be any different if the actions were consolidated. Consolidation, then, will streamline the litigation of each case and alleviate the burdens on the time and expense of every party and this Court.

Cincinnati Insurance also claims that confusion could result from the possible application of different state laws to different plaintiffs. But varying state law does not automatically shift the balance in favor of non-consolidation. No party has suggested the laws of the different states vary, so the choice-of-law factor does not, in this case, increase the risk of confusion. *In re Welding Fume Prod. Liab. Litig.*, No. 1:03CV17000, 2006 WL 2869548, at *6 (N.D. Ohio Oct. 5, 2006).

Lastly, Cincinnati Insurance also portrays the Related Actions as being more about their differences than their commonalities. Plaintiffs operate different businesses and were subject to different government orders. These differences, the insurer maintains, could confuse the jury. But the predominating issue in these cases is whether there is insurance coverage for business losses due to the COVID-19 pandemic and the public responses to it that hurt business. *See Gamboa v. Ford Motor Co.*, 381 F. Supp. 3d 853, 866 (E.D. Mich. 2019). It's true that the plaintiffs operate different businesses. But they also experienced similar impacts on business based on the same events and sought, and were denied, coverage under similar insurance provisions. There is nothing confusing about what the main issues in these cases are.

For these reasons, the Court consolidates the Related Actions.

## II. Appointment of Interim Co-Lead Class Counsel

Troy Stacy moves to appoint, as interim co-lead class counsel, Adam J. Levitt of DiCello Levitt Gutzler LLC ("DLG"), W. Mark Lanier of the Lanier Law Firm, and Timothy W. Burns of Burns Bowen Bair LLP (collectively, the LLB Team). (*Troy Stacy Action*, Docs. 30, 31.) Reeds Jewelers also moves for appointment of its counsel at the law firm of Susman Godfrey LLP, alongside the LLB Team. (*Id.* at Doc. 40.) Troy Stacy consents in the addition of Susman Godfrey, specifically Marc M. Seltzer, to the members of the LLB Team as interim co-lead class counsel. (*Id.* at Doc. 38.) This arrangement, the parties represent, is the result of successful private ordering efforts between the LLB Team and Susman Godfrey. (*Id.*) The plaintiffs in the *Burning Brothers* action joined in Troy Stacy's and Reeds Jeweler's motions. (*Burning Brothers* Action, Doc. 5.) The only plaintiffs who do not presently join in the motions for appointment of interim co-lead counsel are those in the *Swearingen Smiles* action. (*Swearingen Smiles* Action, Doc. 19.) They request that the Court reserve decision of the appointment motions for later, but have not indicated what their alternative to the four-firm leadership structure would be.

A district court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g). Designation of interim counsel is particularly appropriate when there have been overlapping, duplicative, or competing suits filed in other courts. *See* Manual for Complex Litigation (Fourth) § 21.11; *Gamboa v. Ford Motor Co.*, 381 F. Supp. 3d 853, 867 (E.D. Mich. 2019). "In such cases, designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making

8

and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual for Complex Litigation (Fourth) § 21.11.

Any class counsel, including interim class counsel, must fairly and adequately represent the interests of the class. Fed. R. Civ. P. 23(g)(4). *See also Gamboa*, 381 F. Supp. 3d at 867-68. When evaluating proposed interim class leadership, the Court must consider the factors set forth in Rule 23(g)(1):

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A); *Gamboa*, 381 F. Supp. 3d at 867-68. The Court may also consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class and make further orders in connection with the appointment. Fed. R. Civ. P. 23(g)(1)(B), (E).

All four firms have done extensive work identifying and investigating potential claims. The LLB Team has filed numerous business interruption insurance cases. It also claims that the *Troy Stacy* action is the first nationwide class action filed against Cincinnati Insurance. Susman Godfrey, too, has already spent a significant amount of time in its representation of Reeds Jewelers. The firm represents that, in its role as Reeds Jewelers' counsel, it has investigated the contract-based claims, analyzed the relevant insurance

language, and monitored other putative class actions raising the same or similar claims against Cincinnati Insurance.

The four firms here also have experience litigating class actions and knowledge of the applicable law. Adam Levitt and DLG were recently appointed interim co-lead counsel in a similar action. *See The K's Inc. v. Westchester Surplus Lines Ins. Co.*, No. 1:20-cv-01724-WMR, Dkt. Nos. 56-57 (N.D. Ga. Oct. 5, 2020). Susman Godfrey has served as interim class counsel in large insurance litigation before. *E.g., 37 Besen Parkway, LLC v. John Hancock Life Ins. Co. (U.S.A.)*, No. 15-cv-9924, Doc No. 26 (S.D.N.Y. May 2, 2016). The legal teams at the Lanier Law Firm and Burns Bowen Bair LLP also have extensive experience in complex litigation, including insurance litigation.

The proposed four-firm leadership has already dedicated ample resources to representing the class. The LLB Team has obtained respected experts in litigation before and Susman Godfrey states that it will finance this litigation itself, as it does with all of its class action litigation.

Lastly, appointment of interim co-lead class counsel is necessary because there are multiple duplicative lawsuits pending in this District and co-lead counsel will greatly assist the litigation of the consolidated action. It is common, and efficient, to appoint interim co-lead counsel in the same stroke as consolidating related actions. *E.g., Hill v. Tribune Co.*, 2005 U.S. Dist. LEXIS 23931, *6, (N.D. Ill. Oct. 13, 2005) (consolidating eight cases under Rule 42 and appointing counsel under Rule 23). Appointment of interim class co-leadership will create order and efficiency in these COVID-19 business interruption putative class actions. Given the firms' investigation of potential claims and

10

current representation of businesses impacted by COVID-19, they are in a position to protect the interests of additional class members.

Furthermore, a four-firm leadership structure is not uncommon. *In re MyFord Touch Consumer Litig.*, No. 13-CV-03072-EMC, 2019 WL 1411510, at *13 (N.D. Cal. Mar. 28, 2019); *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 58 (E.D.N.Y. 2006). And, here, it is appropriate. Each firm brings something to the table and there is much to be said about four law firms cooperating instead of competing. Indeed, the parties represent that the LLB Team and Susman Godfrey initially intended to compete against one another for class leadership, but decided it was in the class's best interests to cooperate. And, importantly, designation of interim counsel will clarify responsibility for protecting the interests of the class during precertification. Manual for Complex Litigation (Fourth) § 21.11. There is also relative harmony among the plaintiffs. Although the *Swearingen Smiles* plaintiffs do not join in the appointment requests, the rest of the plaintiffs have agreed to the structure through a private ordering approach, which is "[b]y far the most common" method to selecting competing applicants for class counsel. Manual for Complex Litigation (Fourth) § 21.272.

Cincinnati Insurance does not deny any of the Rule 23(g)(1)(A) factors above. Instead, it argues that the appointment of interim counsel is moot or otherwise unnecessary, because similar litigation is taking place in other districts. Specifically, the Western District of Missouri recently appointed interim class counsel in related class action litigation against Cincinnati Insurance. In the insurer's view, Rule 23(g) does not contemplate the appointment of dueling interim class counsel.

The insurer is mistaken. Similar litigation and appointment of interim counsel in other courts do not moot appointment of interim counsel in this Court—they warrant it. Indeed, that is one of the purposes of interim counsel. When there are "a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated, a number of lawyers may compete for class counsel appointment." Manual for Complex Litigation (Fourth) § 21.11. In such cases, "designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Id.*

So, under these circumstances—in which similar cases have been filed in other districts and other attorneys are vying for class counsel appointment nationwide—it is foreseeable that the attorneys in more localized litigation may stipulate to the appointment of lead interim counsel to act for the proposed class. *See* Manual for Complex Litigation (Fourth) § 21.11. That is precisely what the attorneys in three of the four Related Actions have done here. Designating interim counsel here will result in more efficient management of the overlapping putative class actions in this District, once they proceed as a consolidated action. It will also clarify who bears the primary responsibility for protecting the class's interests.

The hanging thread here is appointment of interim class leadership as to the *Swearingen Smiles* plaintiffs, who do not join the other plaintiffs. The parties' stipulation in three out of the four Related Actions "leaves the court with the tasks of determining

that the chosen counsel is adequate to serve as interim class counsel and making a formal order of appointment." *Id.* Absent stipulation—as in the case of the *Swearingen Smiles* plaintiffs—"the court may need to select interim class counsel from lawyers competing for the role and formally designate the lawyer selected." *Id.* The *Swearingen Smiles* plaintiffs requested that the Court reserve decision on appointment of interim counsel, but did not provide an opposition of substance to the appointment the LLB Team and Susman Godfrey. In lieu of a countervailing position, and in the interest of economy—especially considering the JPML's observations that time is of the essence in this litigation, *In re Cincinnati Ins. Co. COVID-19 Bus. Interruption Prot. Ins. Litig.*, --- F. Supp. 3d ----, No. MDL 2962, 2020 WL 5884791, at *2 (U.S. Jud. Pan. Mult. Lit. Oct. 2, 2020)—the Court finds that the LLB Team and Susman Godfrey are best able to represent the interests of the putative class. Fed. R. Civ. P. 23(g)(2), (3). Formal designation of interim counsel is appropriate when there is uncertainty as to which attorney will handle matters on the way to class certification. Fed. R. Civ. P. 23(g), 2003 advisory committee notes. And, here, designation of this co-leadership structure will eliminate the uncertainty as to who will be primarily responsible for leading the consolidated action.

For the above reasons, the Court appoints the LLB Team and Susman Godfrey as interim co-lead class counsel over the consolidated action. The Court directs interim co-lead counsel to file a consolidated amended complaint on or before February 26, 2021.

**ORDER**

1. For the reasons set out in the memorandum opinion, *Swearingen Smiles LLC, et al. v. The Cincinnati Insurance Company*, No. 1:20-cv-00517-MWM, *Reeds Jewelers of*

*Niagara Falls, Inc. v. Cincinnati Insurance Company*, No. 1:20-cv-00649-MWM, and *Burning Brothers Brewery LLC, et al. v. The Cincinnati Insurance Company*, No. 1:20-cv-00920-MWM are consolidated under Fed. R. Civ. P. 42(a) with *Troy Stacy Enterprises Inc. v. The Cincinnati Insurance Company*, No. 1:20-cv-00312-MWM, the earlier-filed case before this Court.

2. The Clerk of this Court is directed to re-caption the consolidated action as *Troy Stacy Enterprises Inc., et al. v. The Cincinnati Insurance Company, et al.* The filing of all pleadings and documents applicable to all actions shall be filed in 1:20-cv-312-MWM (the "Consolidated Action"). The docket in civil action number 1:20-cv-312-MWM shall constitute the master docket for the Consolidated Action.

3. All related actions that are subsequently filed in, or transferred to, this District shall be consolidated into this action. This Order shall apply to every such related action and to all current or subsequently added parties, absent order of the Court.

4. All pleadings and court papers filed in the Consolidated Action, or in any separate action included in the Consolidated Action, shall bear the following caption:

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION – CINCINNATI

| | |
|---|---|
| TROY STACY ENTERPRISES INC., SWEARINGEN SMILES LLC, ELEISHA J. NICKOLES DDS, REEDS JEWELERS OF NIAGARA FALLS, INC., BURNING BROTHERS BREWING LLC, CHICAGO MAGIC LOUNGE LLC, AND CDC CATERING, INC. T/A BROOKSIDE MANOR, individually and on behalf of all others similarly situated, | Master Case No. 1:20-cv-312 (Consolidated) Judge Matthew W. McFarland |
| Plaintiffs, | |
| v. | |
| THE CINCINNATI INSURANCE COMPANY, THE CINCINNATI CASUALTY COMPANY, THE CINCINNATI INDEMNITY COMPANY, AND CINCINNATI FINANCIAL CORPORATION, | |
| Defendants. | |
| **This Documents Relates to:** | |

5. When a pleading or other court paper filed in the Consolidated Action is intended to apply to all actions therein, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption set out above.

6. When a pleading or other court paper is intended to apply to less than all of the actions, the party filing the document shall indicate immediately after the words "This Document Relates To:" the action(s) to which the document is intended to

apply by the name of the plaintiff(s) and the docket number(s).

7. The parties shall file a notice of related cases whenever a case that should be consolidated into this action is filed in, or transferred to, this District. If the Court determines that the case is related, the Clerk shall:
    a. Place a copy of this Order in the separate docket for that action;
    b. Serve on Plaintiff's counsel in the new case a copy of this Order;
    c. Direct that this Order be served upon Defendants in the new case; and
    d. Make the appropriate entry in the master docket.

8. The following law firms are appointed interim co-lead counsel for the Consolidated Action:
    a. DiCello Levitt Gutzler LLC;
    b. The Lanier Law Firm;
    c. Burns Bowen Bair LLP; and
    d. Susman Godfrey LLP.

9. Interim co-lead counsel shall file a consolidated amended complaint inclusive of all plaintiffs in the Consolidated Action on or before February 26, 2021. The consolidated complaint shall be the operative complaint and shall supersede all complaints filed in any of the Related Actions.

10. Defendants are not required to respond to the complaint in any action consolidated into this Consolidated Action, other than a consolidated amended complaint or a complaint designated as the operative complaint.

11. Defendants shall respond to the consolidated amended complaint within thirty

(30) days after service. If Defendants file any motions directed at the consolidated amended complaint, the deadlines laid out in S.D. Ohio Civ. R. 7.2 and the page limitations set forth in the undersigned's Standing Order Regarding Procedures in Civil Cases shall apply.

**IT IS SO ORDERED.**

                                                UNITED STATES DISTRICT COURT
                                                SOUTHERN DISTRICT OF OHIO

                                 By: *Matthew W. McFarland*
                                       JUDGE MATTHEW W. McFARLAND